**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID M.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

No. 5:25-CV-1318 (PJE)

---

**APPEARANCES:** **OF COUNSEL:**

Meggesto, Crossett & Valerino, LLP
511 East Fayette Street
Syracuse, New York 13202
Attorneys for plaintiff

KAREN E. MENTER, ESQ.

Social Security Administration
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for defendant

FERGUS J. KAISER, ESQ.

**PAUL J. EVANGELISTA**
**U.S. MAGISTRATE JUDGE**

## MEMORANDUM-DECISION AND ORDER[1]

David M.[2] ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability insurance benefits ("DIB"). *See* Dkt.

---

[1] Parties consented to direct review of this matter by a Magistrate Judge pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, L.R. 72.2(b), L.R. 72.3(b), and General Order 18. *See* Dkt. No. 6.

[2] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Report-Recommendation and Order will identify plaintiff's last name by initial only.

No. 1. Plaintiff moved for the Commissioner's decision to be vacated and remanded for the calculation of benefits, or in the alternative, further administrative proceedings. *See* Dkt. No. 11. The Commissioner moved for the decision to be affirmed. *See* Dkt. No. 12.[3] Plaintiff filed a reply. *See* Dkt. No. 13. For the following reasons, plaintiff's cross-motion is denied, the Commissioner's cross-motion is granted, and the Commissioner's decision is affirmed.

## I. **Legal Standards**

### A. **Standard of Review**

"In reviewing a final decision of the Commissioner, a district court may not determine de novo whether an individual is disabled." *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-652 (BKS/CFH), 2024 WL 4217371, at *1 (N.D.N.Y. Aug. 29, 2024), *report and recommendation adopted,* No. 1:23-CV-652 (BKS/CFH), 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024) (citing 42 U.S.C. §§ 405(g), 1388(c)(3)); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). "Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence." *Id.* (citing *Johnson v. Bowen*, 817 F.2d 983, 985-86 (2d Cir. 1987)); *see also Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982). "Substantial evidence is 'more than a mere scintilla,' meaning that in the record one can find 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (per curiam) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971))). "The

---

[3] This matter has been dealt with in accordance with General Order 18. Under that General Order, once issue has been joined, an action such as this is considered procedurally as if cross-motions for judgment on the pleadings have been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

substantial evidence standard is a very deferential standard of review . . . [This] means once an ALJ finds facts, we can reject [them] only if a reasonable factfinder would have to conclude otherwise." *Id*. (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)) (internal quotation marks omitted). "Where there is reasonable doubt as to whether the Commissioner applied the proper legal standards, the decision should not be affirmed even though the ultimate conclusion is arguably supported by substantial evidence." *Id.* (citing *Martone v. Apfel*, 70 F. Supp. 2d 145, 148 (N.D.N.Y. 1999) (citing *Johnson*, 817 F.2d at 986)). "However, if the correct legal standards were applied and the ALJ's finding is supported by substantial evidence, such finding must be sustained 'even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's].'" *Id*. (quoting *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)).

## B. **Determination of Disability**

"Every individual who is under a disability shall be entitled to a disability . . . benefit . . . ." 42 U.S.C. § 423(a)(1)(E). Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" *Id.* § 423(d)(1)(A). "A medically-determinable impairment is an affliction that is so severe that it renders an individual unable to continue with his or her previous work or any other employment that may be available to him or her based upon age, education, and work experience." *Joseph J. B.*, 2024 WL 4217371, at *2 (citing 42 U.S.C. § 423(d)(2)(A)). "Such an impairment must be supported by 'medically acceptable

clinical and laboratory diagnostic techniques.'" *Id.* (citing 42 U.S.C. § 423(d)(3)). "Additionally, the severity of the impairment is 'based on objective medical facts, diagnoses[,] or medical opinions inferable from [the] facts, subjective complaints of pain or disability, and educational background, age, and work experience.'" *Id.* (quoting *Ventura v. Barnhart*, No. 04-CV-9018 (NRB), 2006 WL 399458, at *3 (S.D.N.Y. Feb. 21, 2006) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1037 (2d Cir. 1983))).

The Second Circuit employs a five-step analysis, based on 20 C.F.R. § 404.1520, to determine whether an individual is entitled to disability benefits:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.
>
> If he [or she] is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his [or her] physical or mental ability to do basic work activities.
>
> If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.
>
> Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work.
>
> Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform . . .

*Berry*, 675 F.2d at 467 (spacing added). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Joseph J. B.*, 2024 WL 4217371, at *2 (quoting *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003)). "The plaintiff bears the initial burden of proof to establish each of the first four steps." *Id.* (citing *DeChirico v.*

*Callahan*, 134 F.3d 1177, 1180 (2d Cir. 1998) (citing *Berry*, 675 F.2d at 467)). "If the inquiry progresses to the fifth step, the burden shifts to the Commissioner to prove that the plaintiff is still able to engage in gainful employment somewhere." *Id.* (citing *DeChirico*, 134 F.3d at 1180 (citing *Berry*, 675 F.2d at 467)).

## II. **The ALJ's Decision**

The ALJ determined that plaintiff "last met the insured status requirements of the Social Security Act on December 31, 2023." T. at 12[4] (*See* Dkt. No. 10-2).[5] Applying the five-step disability sequential evaluation, the ALJ first noted that plaintiff "did not engage in substantial gainful activity during the period from his amended alleged onset date of August 11, 2022, through his date last insured of December 31, 2023." *Id*. (*See* Dkt. No. 10-2). At step two, the ALJ found that plaintiff "[t]hrough the date last insured, [plaintiff] had the following severe impairments: degenerative disc disease of the lumbar spine with lumbosacral radiculopathy, obesity, history of hip replacement in the left hip, right shoulder non-traumatic high-grade supraspinatus tendinopathy, depressive disorder, anxiety disorder, and attention deficit hyperactivity disorder (ADHD)." *Id*. at 13 (*See* Dkt. No. 10-2). At step three, the ALJ determined that plaintiff "[t]hrough the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *Id*. (*See* Dkt. No. 10-2).

---

[4] "T." followed by a number refers to the pages of the administrative transcript. *See* Dkt. No. 10. Citations to the administrative transcript refer to the pagination in the bottom, right-hand corner of the page. Citations to the parties' briefs refers to the pagination generated by the Court's electronic filing and case management program located at the header of each page.

[5] Due to the voluminous nature and many parts of the administrative transcript, in addition to the record citation, the undersigned will include the docket cite for factual citations.

Before reaching step four, the ALJ concluded that, through the date of last insured, plaintiff had the residual functional capacity ("RFC")

> to perform light work[6] as defined in 20 CFR 404.1567(b) except he cannot climb ladders, ropes or scaffolds. [Plaintiff] can occasionally climb ramps or stairs. He can occasionally balance as defined by the [Selected Characteristics of Occupations ("SCO")], stoop, kneel, crouch, or crawl. [Plaintiff] is limited to occasional overhead reaching with the right upper extremity. He should have no exposure to hazards, such as unprotected heights and dangerous moving machinery. [Plaintiff] can understand, remember, and carry out simple instructions. He can use judgment to make simple work-related decisions. [Plaintiff] should work in a job with occasional changes in the routine work setting. He cannot perform work requiring a specific production rate or perform work which requires hourly quotas. [Plaintiff] could have occasional interaction with coworkers, supervisors, and the public.

T. at 15 (*See* Dkt. No. 10-2). At step four, the ALJ determined that plaintiff "has no past relevant work." *Id*. at 21 (*See* Dkt. No. 10-2). Before reaching step five, the ALJ concluded that the "[t]ransferability of job skills is not an issue because [plaintiff] does not have past relevant work." *Id*. at 22 (*See* Dkt. No. 10-2). At step five, the ALJ determined that "[through the date last insured, [c]onsidering [plaintiff's] age, education, work experience, and [RFC], there were jobs that exist in significant numbers in the national economy that [plaintiff] could have performed." *Id*. (*See* Dkt. No. 10-2).

---

[6] Light work is defined as

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. §§ 404.1567(b); 416.967(b).

Ultimately, the ALJ concluded that plaintiff "was not under a disability, as defined in the Social Security Act, at any time from September 4, 2018, the alleged onset date, through December 31, 2023, the date last insured." T. at 23 (*See* Dkt. No. 10-2).

## III. **Discussion**

### A. **Arguments**

Plaintiff argues that the ALJ erred at Step Five because the ALJ applied Social Security Ruling ("SSR") 00-04p, as opposed to SSR 24-3p, and did not obtain all the necessary information from the vocational expert ("VE")." *See* Dkt. No. 11 at 10-11. Plaintiff also argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ did not include a limitation for standing and ambulating. *See id*. at 13-15.

The Commissioner argues that SSR 24-3p is inapplicable to this matter. *See* Dkt. No. 12 at 8-11. The Commissioner further contends that the ALJ's RFC determination is supported by substantial evidence because the ALJ properly considered the medical opinions of record and plaintiff's argument as to standing and ambulating limitations amounts to a disagreement with the weight of the evidence. *See id*. at 11-12.

In reply, plaintiff asserts that the Appeal Council ("AC") determination is the final decision of the Commissioner, SSR 24-3p is applicable to this matter, and the cases cited by the Commissioner are distinguishable from the present. *See* Dkt. No. 13 at 3-5.

### B. **Step Five**

"At step five, the Commissioner has the burden to demonstrate that a claimant can perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education, and work experience." *Terry P. v. Comm'r of Soc. Sec.*, No.

1:25-CV-00360 (JGW), 2026 WL 2931820, at *5 (W.D.N.Y. Sept. 30, 2026) (citing 20 C.F.R. § 416.920(g)). "Work exists in the national economy when there is a significant number of jobs (in one or more occupations) having requirements which [Plaintiff is] able to meet with [his] physical or mental abilities and vocational qualifications." *Id*. (quoting 20 C.F.R. § 416.966(b)). "If the ALJ chooses to rely on the testimony of a VE at this step five, the ALJ must be alert to the possibility of apparent unresolved conflict[s] between th[at] testimony and the Dictionary of Occupation Titles [("DOT")]." *Id*. (quoting *Lockwood v. Comm'r of Soc. Sec. Admin.*, 914 F.3d 87, 91 (2d Cir. 2019) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000))) (internal quotation marks omitted). "That is, the ALJ has an independent, affirmative obligation . . . to undertake a meaningful investigatory effort to uncover apparent conflicts, beyond merely asking the [VE] if there is one." *Id.* (quoting *Lockwood*, 914 F.3d at 94). "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the [ALJ] must elicit a reasonable explanation for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." *Id*. (quoting SSR 00-4p, 2000 WL 1898704, at *2.)

On January 6, 2025, SSR 24-3p went into effect, "rescinding SSR 00-4p and [ ] no longer requir[ing] adjudicators to identify and resolve conflicts between occupational information provided by [vocational specialists] and [VEs] and information in the [DOT]." *Terry P.*, 2026 WL 2931820, at *5, n. 1 (additional citation and internal quotation marks omitted); *see also* SSR 24-3p, 2024 WL 5256890, at *2 (Dec. 4, 2024); *Monique L. v. Comm'r of Soc. Sec.*, No. 5:25-CV-00167 (GTS/TWD), 2026 WL 565345, at *4, n. 4 (N.D.N.Y. Jan. 15, 2026), *report and recommendation adopted,* No. 5:25-CV-0167

(GTS/MJK), 2026 WL 564123 (N.D.N.Y. Feb. 27, 2026). SSR 24-3p "does not apply retroactively." *Id*. Rather, "SSR 24-3p states '[i]t expects that federal courts will review final decisions using the rules that were in effect at the time SSA issued the decisions.'" *Monique L.*, 2026 WL 565345, at *4, n. 4. However, SSR 24-3p provides that "[i]f a court . . . remands a case for further administrative proceedings after the applicable date of this SSR, [that court] will apply this SSR to the entire period at issue in the decision we make after the court's remand." *Lisa C. v. Comm'r of Soc. Sec.*, No. 24-CV-355 (LJV), 2026 WL 586083, at *3, n. 5 (W.D.N.Y. Mar. 3, 2026) (quoting SSR 24-3p, 2024 WL 5256890, at *2, n. 1).

Plaintiff argues that the ALJ erred in her Step Five analysis because the ALJ failed to apply SSR 24-3p. *See* Dkt. No. 11 at 10-11. More specifically, plaintiff asserts that the July 23, 2025, AC denial constitutes the final decision of the Commissioner, and therefore, at Step Five, the ALJ should have applied SSR 24-3p because SSR 24-3p went into effect on January 6, 2025. *See id*.; Dkt. No. 13 at 3-4.

The Court concludes that the plaintiff's arguments are legally incorrect. 42 U.S.C. 405 provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by [commencing] a civil action . . . ." 42 U.S.C. § 405(g). A "[d]ecision means the decision made by [ALJ] or the [AC]." 20 C.F.R. § 404.901. "A claimant may obtain judicial review of a decision by an [ALJ] or administrative appeals judge if the Appeals Council has denied the claimant's request for review, or of a decision by the Appeals Council when that is the final decision of the Commissioner." 20 C.F.R. § 422.210(a).

Here, on November 7, 2024, the ALJ issued an unfavorable decision denying plaintiff's claims. *See* T. at 7-29 (*See* Dkt. No. 10-2). As part of the ALJ's Step Five analysis, she applied SSR 00-4p, concluding "that the vocational expert's testimony is consistent with the information contained in the [DOT]." *Id*. at 23 (*See* Dkt. No. 10-2). Plaintiff requested review by the AC, and on July 23, 2025, the AC determined, "We found no reason under our rules to review the [ALJ]'s decision. Therefore, we have denied your request for review. This means that the [ALJ]'s decision is the final decision of the Commissioner of Social Security in your case." *Id*. at 1.

Accordingly, the Court concludes that the November 7, 2024, ALJ decision constitutes the final decision of the Commissioner and the ALJ did not err by failing to apply SSR 24-4p because the final decision of the Commissioner was issued prior to SSR 24-4p taking effect and SSR 24-4p is not applied retroactively. *See Terry P.*, 2026 WL 2931820, at *5, n. 1; *see also Lesterhuis v. Colvin*, 805 F.3d 83, 87 (2d Cir. 2015) (citing 42 U.S.C. § 405(g)) ("Because the Appeals Council denied review in this case, our review focuses on the ALJ's decision."); *Talavera v. Astrue*, 697 F.3d 145, 150 (2d Cir. 2012) ("By Order dated May 30, 2006, the SSA Appeals Council declined to review the ALJ's September 20, 2005 Order, thereby making the ALJ's Order the 'final decision' of the Commissioner under 42 U.S.C. § 405(g).").

C. **Medical Opinions**

"For claims filed on or after March 27, 2017," an ALJ need "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s) ['PAMFs'], including those from [a claimant's] medical sources." 20 C.F.R. § 416.920c(a) (internal citation omitted). Rather medical opinions

and PAMFs are evaluated based on their "persuasiveness." *Id.* In evaluating the "persuasiveness" of a medical opinion or PAMF, an ALJ is to "consider" the following factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors." *Id.* §§ 416.920c(a); 416.920c(c)(1)-(5). "However, in many cases, the ALJ only need 'explain' how the supportability and consistency factors were considered, as they are 'the most important factors.'" *Brian K. v. Comm'r of Soc. Sec.*, No. 5:24-CV-26 (CFH), 2025 WL 18718, at *4 (N.D.N.Y. Jan. 2, 2025) (quoting 20 C.F.R. § 416.920c(b)(2); *see also* 20 C.F.R. § 416.920c(b)(2)-(3) (stating that an ALJ "is not required to" explain the remaining factors unless the ALJ determines that "two or more medical opinions or [PAMFs] about the same issue are both equally well-supported [ ] and consistent with the record [ ] but are not exactly the same").

For the "supportability" prong, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or [PAMFs], the more persuasive the medical opinion(s) or [PAMFs] will be." 20 C.F.R. § 416.920c(c)(1); *see also Kathleen A. v. Comm'r of Soc. Sec.*, No. 3:20-CV-1034 (LEK), 2022 WL 673824, at *4 (N.D.N.Y. Mar. 7, 2022) (quoting *Carmen M. v. Comm'r of the Soc. Sec.*, No. 20-CV-6532 (MJR), 2021 WL 5410550, at *4 (W.D.N.Y. Nov. 19, 2021)) (noting that "[t]he supportability analysis focuses on 'how well a medical source supported their opinion(s) with objective medical evidence and supporting explanations'"). With regard to the "consistency" prong, "[t]he more consistent a medical opinion(s) or [PAMFs] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or [PAMFs] will be." 20 C.F.R. § 416.920c(c)(2); *see also Kathleen A.*, 2022 WL 673824, at *5 (first quoting 20

C.F.R. § 404.1520c(c)(2); then citing *Galo G. v. Comm'r of the Soc. Sec.*, No. 20-CV-1011 (FJS), 2021 WL 5232722, at *4 (N.D.N.Y. Nov. 9, 2021)) ("In the consistency analysis, an ALJ must look outside the medical opinion itself to 'evidence from other medical sources and nonmedical sources in the claim,' and will find the medical opinion more persuasive the more consistent it is with these external sources.").

"ALJs are not required to state on the record every reason justifying a decision and [are] not required to discuss every single piece of evidence submitted." *Brian K.*, 2025 WL 18718, at *4 (quoting *Ryan v. Comm'r of Soc. Sec.*, No. 21-2947-CV, 2022 WL 17933217 at *2 (2d Cir. Dec. 27, 2022) (summary order) (quoting *Brault*, 683 F.3d at 448)) (internal quotation marks omitted). "However, they must articulate how persuasive they found the medical opinions and PAMFs." *Id.* (citing 20 C.F.R. § 416.920c(b)). "If the ALJ fails adequately to 'explain the supportability or consistency factors,' or bases '[the] explanation upon a misreading of the record, remand is required.'" *Id.* (quoting *Rivera v. Comm'r of Soc. Sec.*, No. 19-CV-4630 (LJL/BCM), 2020 WL 8167136, at *14 (S.D.N.Y. Dec. 30, 2020) (quoting *Andrew G. v. Comm'r of Soc. Sec.*, No. 3:19-CV-0942 (ML), 2020 WL 5848776, at *5 (N.D.N.Y. Oct. 1, 2020), *report and recommendation adopted* 2021 WL 134945 (Jan. 14, 2021))); *see also Jennifer A. v. Comm'r of Soc. Sec.*, No. 1:22-CV-1167 (MAD), 2023 WL 8654215, at *4 (N.D.N.Y. Dec. 13, 2023) (quoting *Eric G. v. Comm'r of Soc. Sec.*, No. 5:21-CV-1314 (MAD), 2023 WL 3004780, *4, n.1 (N.D.N.Y. Jan. 5, 2023)) ("The ALJ need not specifically write the terms 'supportability' or 'consistency' to meet the articulation requirements in 20 C.F.R. §§ 404.1520c and 416.920c; it is enough that the ALJ applied the proper legal analysis.").

1. **Dr. Eke Lorensen**

On October 27, 2023, Dr. Lorensen examined plaintiff. *See* T. at 2076-79 (*See* Dkt. No. 10-8). Dr. Lorensen noted, "[g]ait normal. He walks with a slight limp. Cannot walk on heels and toes without difficulty. Squat 30% full. Stance normal. Needs no help changing for exam. Needs no help getting on and off exam table. Able to rise from chair without difficulty." *Id*. at 2077 (*See* Dkt. No. 10-8). Diagnostic testing revealed:

> Full [range of motion ("ROM")] of the right hip and left hip flexion 100 degrees. Full ROM of the right knee and left knee flexion to 100 degrees. Full ROM of the ankles bilaterally. No joint deformity, subluxation, contractures, or ankylosis. No joint hast, redness, swelling, or effusion. Joints stable and nontender.

*Id*. at 2078 (*See* Dkt. No. 10-8). Dr. Lorensen diagnosed plaintiff with back pain, left hip pain, status post left total hip replacement, right shoulder pain, and hypertension. *See id*. at 2079. Dr. Lorensen opined that plaintiff had "mild to moderate limitations for standing and ambulating." *Id*. (*See* Dkt. No. 10-8).

In the hearing decision on appeal, the ALJ discussed Dr. Lorensen's opinion, concluding that "this opinion persuasive as it is consistent with the evidence in the record and supported with an examination of the claimant. The evidence indicates that the claimant is not further limited." T. at 19 (*See* Dkt. No. 10-2). In support of this conclusion, the ALJ cited six treatment records from September 2022 to July 2024 discussing plaintiff's leg symptoms and mobility. *See id*. at 19-20 (*See* Dkt. No. 10-2). Elsewhere in the decision, the ALJ discussed plaintiff's medical treatment records as a whole. *See id*. at 16-18 (*See* Dkt. No. 10-2).

Plaintiff argues that the ALJ's RFC determination is not supported by substantial evidence because the ALJ "failed to include any limitations to standing and ambulating in her RFC and did not explain why she did not consider these limitations in her RFC." Dkt.

No. 11 at 13-14. Plaintiff contends that "[l]imitations to standing and ambulating are well supported by Dr. Lorensen's exam from October 2023" and "Dr. Lorensen's limitation to standing and ambulating is also consistent with opinions of other examining providers." *Id*. at 14.

The Court concludes that plaintiff's argument lacks merit. The ALJ's decision contains a thorough analysis of Dr. Lorensen's opinion, including a specific notation that plaintiff suffered from "mild to moderate limitations for standing and ambulating." T. at 19 (*See* Dkt. No. 10-2). The ALJ's analysis also considered the supportability and consistency factors as they pertain to Dr. Lorensen's opinion, with references to individual treatment records. *See id*. at 19-20. Although plaintiff cites other medical opinions in support of her argument, *see* Dkt. No. 11 at 14, the ALJ considered the entirety of plaintiff's medical treatment records and three other medical opinions that considered plaintiff's ability to stand and ambulate. *See* T. at 16-21 (*See* Dkt. No. 10-2). As such, "plaintiff's argument[] amount[s] to a disagreement with how the ALJ weighed the evidence, which is within [the ALJ's] province to do." *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-652 (BKS/CFH), 2024 WL 4217371, at *1 (N.D.N.Y. Aug. 29, 2024), *report and recommendation adopted,* No. 1:23-CV-652 (BKS/CFH), 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024) (quoting *Nichole K. v. Comm'r of Soc. Sec.*, No. 1:23-CV-858 (EAW), 2024 WL 3022592, at *7 (W.D.N.Y. June 17, 2024) (internal quotation marks omitted); *see also Krull v. Colvin*, 669 F. App'x 31, 32 (2d Cir. 2016) (summary order) ("Krull's disagreement is with the ALJ's weighing of the evidence, but the deferential standard of review prevents us from reweighing it."); *Tina W. v. Comm'r of Soc. Sec.*, No. 5:22-CV-15 (MAD), 2023 WL 157952, at *7 (N.D.N.Y. Jan. 10, 2023) (quoting *Bonet ex rel. T.B. v.*

*Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (summary order) ("It is not the Court's function to reweigh the evidence on appeal, only to 'decide whether substantial evidence supports the ALJ's decision.'")).

V. **Conclusion**

**WHEREFORE**, for the reasons stated herein, it is hereby:

**ORDERED**, that plaintiff's cross-motion (Dkt. No. 11) is **DENIED**; and it is further

**ORDERED**, that the Commissioner's cross-motion (Dkt. No. 12) is **GRANTED**, and the Commissioner's decision is **AFFIRMED**; and it is

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision & Order on all parties in accordance with Local Rules.

**IT IS SO ORDERED**.

Date: October 2, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge